THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) Case No. _____ |
| BRAVO TREE SERVICE, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

## C O M P L A I N T

NOW COME Plaintiffs, TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND (the "Fund"), by and through their undersigned attorneys, and complain of Defendant, BRAVO TREE SERVICE, INC., a California Corporation, as follows:

### JURISDICTION AND VENUE

1. This action is brought under the provisions of Sections 502(g)(2), 502(a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145 to collect delinquent contributions and related sums Defendant is obliged to contribute to Plaintiffs pursuant to applicable collective bargaining agreements and plan documents.

2. Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. Jurisdiction in this Court is also based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and 1132(e)(2), which state in relevant part:

1

>Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

4. This Court also has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

5. Venue is proper in this District because Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), allows a suit to "be brought in the district where the plan is administered," and the Fund is maintained and administered at its offices at 821 Parkview Boulevard, Lombard, IL 60148, which is located in the Northern District of Illinois.

**PARTIES**

6. Plaintiffs, TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND, are Trustees of a multiemployer "employee benefit plan" as defined under Section 3(3) of ERISA, 29 U.S.C § 1002(3).

7. The Trustees of the Fund are fiduciaries for the Fund within the meaning of 29 U.S.C. § 1132(e)(1).

8. The Fund is a Taft-Hartley Fund, which is administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, and other applicable federal laws.

9. The Fund receives contributions from numerous employers, including Defendant BRAVO TREE SERVICE, Inc., pursuant to collective bargaining agreements ("CBAs") heretofore entered into between IBEW Local 1245 (the "Union") and those employers, and the

2

Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, other applicable federal law, and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

10. The Fund's offices are located at 821 Parkview Boulevard, Lombard, IL 60148, and the Fund is administered in the Northern District of Illinois.

11. As provided in the Fund's Trust Agreement, the Trustees of the Funds and their designees are required to receive, hold, and manage all monies required to be contributed to the Fund in accordance with the provisions of the then-applicable CBAs for the uses and purposes set forth in the Trust Agreement.

12. Defendant BRAVO TREE SERVICE, INC. is an employer that is incorporated in the State of California.

13. Defendant's principal place of business is 7719 Limonite Ave, Suite D, Jurupa Valley, CA 92509.

14. Defendant's registered agent is Carlos Bravo Moreno, whose address is 5012 Challen Ave, Riverside, CA 92503.

15. Defendant is an employer engaged in an industry affecting commerce.

16. Defendant BRAVO TREE SERVICE, INC. employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the CBA or agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund.

**COUNT 1 – DELINQUENT CONTRIBUTIONS UNDER ERISA**

17. Plaintiffs incorporate and reallege paragraphs 1–20 as if fully set forth herein.

3

18. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan pursuant to the terms of the plan or under the terms of a collectively bargained agreement. 29 U.S.C. § 1145.

19. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of a plan through a civil action. 29 U.S.C. § 1132(a)(3).

20. Section 502(g)(2) of ERISA provides that a fiduciary bringing suit to recover delinquent contributions under Section 515 shall recover the unpaid contributions as well as interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

21. As provided in the Trust Agreements, the Funds are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then-applicable Collective Bargaining Agreement or Agreements for the uses and purposes set forth in the Trust Agreement.

22. Plaintiffs are advised and believe that Defendant BRAVO TREE SERVICE, INC. has repeatedly failed to submit required contribution payments to the Funds pursuant to the terms of the Collective Bargaining Agreements by which it was bound, in violation of its contractual obligations and its obligations under applicable federal law.

23. Defendant is currently delinquent to the Fund in the amount of SEVEN HUNDRED SIXTY-ONE THOUSAND, EIGHT HUNDRED AND FIFTY-FIVE DOLLARS AND NINE CENTS ($761,855.09), for delinquent contributions and interest and liquidated damages as follows:

4

    a. For unpaid contributions and associated liquidated damages and interest due on the months of August 1, 2024 through January, 2025, totaling $267,335.10, of which, pursuant to a settlement agreement, $178,223.40 remains unpaid;

    b. For unpaid contributions due on the months of February, March, April, August, September, and October of 2025, in the amount of $434,718.49;

    c. For associated liquidated damages and interest pursuant to the CBAs and the Funds' trust agreements, currently totaling $148,913.20, an amount that increases monthly;

24. If Defendant continues to operate its business and hire Union members to complete work in November, 2025 and beyond, Defendant will owe the Fund for contributions relating to hours worked in those months, in as-yet unknown amounts, which, in accordance with the CBAs and Trust Agreements, will also have interest and Liquidated Damages assessed thereupon if not timely paid.

25. As a result of the above-described omissions and breaches of agreement by Defendant, the Fund may be required (a) to deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plans, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plans, notwithstanding the Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Fund and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

26. The Fund, on its behalf, and on behalf of all employees for whose benefit the Fund was established, has requested that Defendant perform its obligations, but Defendant has refused and failed to perform as herein alleged.

27. The Fund is without an adequate remedy at law and will suffer immediate, continuing, and irreconcilable injury and damage unless Defendant is ordered to specifically perform all obligations required under the CBAs and the Trust Agreement and are restrained from continuing to refuse to perform as required.

28. The Defendant's failure to pay contributions owed is a violation of the CBAs and the Trust Agreement. The Fund, therefore, seeks enforcement of these provisions pursuant to Sections 502(g)(2), 502(a)(3), and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., § 185(a).

**WHEREFORE**, the Plaintiffs pray:

(a) That judgment be entered in favor of Plaintiffs and against Defendant, BRAVO TREE SERVICE, INC., in the amount of SEVEN HUNDRED SIXTY-ONE THOUSAND, EIGHT HUNDRED AND FIFTY-FIVE DOLLARS AND NINE CENTS ($761,855.09), and such additional monies that accrue during the pendency of this lawsuit.

(b) That Plaintiffs be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreements, the Trust Agreement, the applicable provisions of ERISA, as amended, or any other authority.

(d) That Defendant be specifically ordered to furnish to Plaintiffs the required monthly contribution payments and to continue to perform all obligations on Defendant's part according to the terms and conditions of the Collective Bargaining Agreements.

(e) For such other and further relief as the Court may determine just and proper.

Dated: November 26, 2025                     Respectfully submitted,

                                             By:    */s/ Naomi Frisch*
                                                    One of Plaintiffs' Attorneys


Naomi Frisch
IL ARDC#: 6328429
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
Phone: (312) 263-1500
naomi@ulaw.com

7